FRESNO HOME PACKING COMPANY *v.* ANDREW J. LYON.

[53 South. 585.]

1. SALES.   *Contract.   Breach.   Evidence.*

   A contract by defendant to ship plaintiff the first consignment of
   fruit of the season made by defendant to any one in plaintiff's
   city, is not shown to have been breached by a shipment to another on
   the same day on which the shipment was made to plaintiff, especially
   where it is shown that the shipment to plaintiff was made first
   on that day.

2. EVIDENCE.   *Written contract.   Parol not admissible to vary.*

   A written contract may not be varied by testimony of a parol
   agreement made by the parties prior to the execution of the
   writing.

FROM the circuit court of Lauderdale county.

HON. JOHN L. BUCKLEY, Judge.

Lyon, engaged in business under the name of A. J.
Lyon & Company, appellee, was plaintiff in the court
below, and the Fresno Home Packing Company, a cor-
poration, and another, appellees, were defendants there.
From a judgment in favor of the plaintiff the defendants
appealed to the supreme court. The opinion of the court
states the facts of the case.

*A. S. Bozeman,* for appellant.

The burden was upon the appellee to show a breach
of the contract, in that the carload of raisins was not
the first car of layers shipped to Meridian by the Fresno
Home Packing Company for the season of 1909. The
only proof tending to sustain this breach offered by
the appellee was that the other cars in question arrived
in Meridian first, and that bills of lading were issued
at Fresno on the same date.

Yet it distinctly appears from the evidence offered by appellee that the reason why his car arrived after the others, was that there was a delay of three weeks on his car while in transit, and that for this delay, he then had pending a claim against the railroad company.

The car moved as it was routed by the appellee, and the fact that other cars reached Meridian at an earlier date, the fast route being the one selected and subsequently rejected by appellee, was no fault of the appellee who sold the raisins f. o. b. Fresno, and who routed the car as directed by appellee.

It was reversible error for the court below to permit the agent of appellant, through whom the sale was made, to testify that he had a verbal agreement with Lyon, the appellee, that the car in question was to move from seven to fifteen days ahead of the other cars. This testimony was in direct conflict with the terms of the written contract. The negotiations between Lyon and the aforesaid witness were had in January, prior to the making of the contract on May 13, 1909, and all verbal agreements of course merged into the written contract under an elementary and well established principle of law.

The witness being a mere agent of appellant, had no authority to make contracts for appellant, but merely to take orders and make sales subject to the confirmation thereof by appellant. The contract confirmed by the Fresno Packing Company being the only contract ever made between the appellant and the appellees in this case, provided simply that the car was to be shipped as early in October as possible, and that it should be the first car of layers shipped to Meridian by the Fresno Home Packing Company for 1908, grown and packed raisins. *Hightower* v. *Henry*, 85 Miss. 476; *Cocke* v. *Blackbourn*, 58 Miss. 537; *Baem* v. *Lynn*, 72 Miss. 932; *Camp* v. *Renandene*, 64 Miss. 549; *Odeneal* v. *Henry*, 70 Miss. 172; *Lumber Co.* v. *Lumber Co.*, 71 Miss. 944;

*Money* v. *Peavey,* 70 Miss. 260; *Wilkinson* v. *Taylor,* 69 Miss. 231.

*McBeath & Miller,* for appellee.

The undisputed testimony is that on the same day in which the car was shipped to appellee, a car was also shipped to another merchant in Meridian. We do not see how it can be seriously contended that this was a compliance on appellant's part with the contract. The shipping point being Fresno, and the destination being Meridian, cars shipped on the same day from the first point to the second would be likely to reach the point of destination simultaneously.

The reason why appellee insists on having the stipulation inserted that he was to have the first car layer shipment to Meridian, was not based on a mere fancy so he could let the world know that he had the first car which left Fresno. This court must arrive at the conclusion that it was the purpose of appellee to get dried fruit of this kind in the market before any competitor.

Smith, J., delivered the opinion of the court.

Appellant's place of business is Fresno, California, and appellee's place of business is Meridian, Mississippi. Appellee, by written contract, dated 13th day of May, 1909, purchased of appellant a car load of dried fruits, to be delivered in October. This contract, among other things, contained the following stipulation: "Sold to A. J. Lyon & Company, buyer. Buyer's address, Meridian, Mississippi; routing (delivery line), Sou. P. c|o N. O. & N. E., New Orleans, Louisiana; as early in October as (possible). . . . First car of layer shipment for Meridian by F. H. P. Co. for 1909." After the contract was executed appellee requested that the car be shipped over the Atchison, Topeka & Santa Fe Railroad, instead of the Southern Pacific. On October the 8th the car was

shipped over this route to appellee, but was delayed in transit and did not arrive in Meridian until about a month thereafter.  Prior to the arrival of the car at Meridian, other wholesale merchants had received similar shipments of dried fruits from appellant, by reason whereof appellee claims that he was unable to dispose of his car of fruit, thereby sustaining loss.  Appellee's claim is that appellant violated that portion of its contract, hereinbefore set out, by which it agreed that the first shipment made by it to Meridian should be made to appellee, and that appellee's loss was occasioned by this breach of the contract.  To sustain this contention, appellee introduced in evidence a bill of lading issued by the Southern Pacific Railroad Company, at Fresno, California, on October 8th, the same day that appellee's shipment was made, of a car load of dried fruits to Russell & Butler, of Meridian, Mississippi, and also evidence showing that this car arrived at Meridian some time prior to the arrival of the car shipped to appellee. No evidence was introduced by appellee tending to show which of these two cars was shipped first.  The evidence introduced by appellant showed, without contradiction, that the first car of fruit shipped to Meridian was the car shipped to appellee, and that therefore it complied literally with its contract.

It was incumbent upon appellee to show that the car of fruit shipped to him by appellant was not in fact the first car of fruit shipped by appellant to Meridian. When appellee by his evidence failed to do this, he thereby failed to establish a breach of the contract, and, consequently, appellant was entitled to a peremptory instruction; and for much greater reason appellant was entitled to this instruction after proving that the first car shipped to Meridian was shipped to appellee.  Prior to the execution of the written contract sued on, appellee had verbally ordered this fruit from an agent of appellant, which order was given subject to confirmation

by appellant. Over the objection of appellant, evidence was introduced by appellee tending to show that, at the time this order was given, it was verbally agreed between appellee and appellant's agent that this shipment should be made from seven to ten days prior to any other shipment by appellant to Meridian. This evidence, under familiar elementary rules, was wholly incompetent, and could not vary the effect of the written contract.

The court below having refused to grant appellant the peremptory instruction to which it was entitled, its judgment is reversed, and the cause remanded.

*Reversed.*